Johnny GRANADO, Jr., Petitioner,

v.

DEPARTMENT OF JUSTICE, Respondent.

Appeal No. 25–82.

United States Court of Appeals, Federal Circuit.

Nov. 16, 1983.

Shelby W. Hollin, San Antonio, Tex., submitted for petitioner.

J. Paul McGrath, Asst. Atty. Gen., David M. Cohen, Director, Donnie Hoover and Allen C. Peters, Washington, D.C., submitted for respondent.

Before KASHIWA, Circuit Judge, SKELTON, Senior Circuit Judge, and MILLER, Circuit Judge.

SKELTON, Senior Circuit Judge.

The question presented in this case is whether this court has jurisdiction of the present appeal from a Merit Systems Protection Board (MSPB) decision dated November 6, 1981, which dismissed for lack of jurisdiction a probationary employee's complaint dealing solely with discrimination based on national origin. *Granado v. Department of Justice,* MSPB Docket No. DA315H8210001. We hold that we do not, and accordingly, we dismiss the appeal.

## I

Petitioner, Johnny Granado, Jr., was formerly employed as a border patrol agent with the Immigration and Naturalization Service (INS). By a letter dated August 27, 1981, petitioner was informed that he was being terminated effective September 11, 1981, prior to the completion of his one year probationary period, due to deficiencies in his work performance. The letter advised petitioner that he could appeal the removal decision to the MSPB if he believed the discharge was based upon discrimination because of partisan political reasons or marital status. If he felt the termination was due to discrimination because of race or national origin, he was advised to consult an INS Equal Employment Opportunity Counselor within 30 days of the effective date of the termination.

Petitioner filed a complaint with an INS Equal Employment Opportunity Counselor on September 29, 1981, alleging that he was discharged because of his national origin. On September 30, 1981, he filed an appeal with the Dallas Regional Office of the MSPB, also alleging discrimination based on national origin. Petitioner contended that the MSPB had jurisdiction of such a complaint under Section 8–4a(5) of Chapter 315 of the Federal Personnel Manual (FPM). The Dallas Regional Office dismissed the appeal for lack of jurisdiction, holding that under 5 C.F.R. § 315.806(b) and (d),[1] a probationary employee could allege discrimination based on national origin only if he raised such discrimination in addition to alleging discrimination based on partisan political reasons or marital status. By an order dated March 23, 1982, the MSPB denied petitioner's petition for review of the initial decision, after which petitioner brought this appeal.

## II

### A

The jurisdiction of this court over appeals from the MSPB is governed by 28 U.S.C.

---

**1.** 5 C.F.R. § 315.806(b) and (d), referring to employees in a probationary period, provide, in pertinent part:

(b) *On discrimination.* An employee may appeal under this paragraph a termination not required by statute which he or she alleges was based on partisan political reasons or marital status.

(d) an employee may appeal to the Board under this section a termination which the employee alleges was based on discrimina-

tion because of race, color, religion, sex, or national origin; or age, provided that at the time of the alleged discriminatory action the employee was at least 40 years of age; or physical handicap, only if such discrimination is raised in addition to one of the issues stated in paragraph (b) * * *.

A probationary employee is one who in his first year of service is in one of the several categories listed in 5 C.F.R. § 315.801.

§ 1295(a)(9) (Federal Courts Improvement Act of 1982 ("the Act"), Pub.L. No. 97–164, § 127(a), 96 Stat. 25) and by 5 U.S.C. § 7703(b) and (d) (*as amended* by the Act, § 144). 28 U.S.C. § 1295(a)(9) gives the United States Court of Appeals for the Federal Circuit exclusive jurisdiction "of an appeal from a final order or final decision of the Merit Systems Protection Board, pursuant to §§ 7703(b)(1) and 7703(d) of title 5 * * *." [2] Section 7703(b)(1) of title 5 states that "except as provided in paragraph (2) of this subsection, a petition to review a final order or final decision of the board (MSPB) shall be filed in the United States Court of Appeals for the Federal Circuit." Paragraph (2) of § 7703(b) provides that "cases of discrimination subject to the provisions of § 7702 of this title shall be filed under § 717(c) of the Civil Rights Act of 1964 * * *." Section 7702 of title 5 and § 717(c) of the Civil Rights Act provide a very elaborate and detailed procedure to follow in actions dealing with discrimination, which involves the Equal Employment Opportunity Commission and the federal district courts, but not the Court of Appeals for the Federal Circuit. *Williams v. Department of the Army,* 715 F.2d 1485 (Fed.Cir.1983).

In this case, petitioner's claim of discrimination based upon national origin would have brought him under the provisions of § 7702 if he had not been a probationary employee. However, as a probationary employee his rights of appeal were restricted by statute and regulation. Although 5 U.S.C. § 7701(a) grants an employee in the competitive service who is not serving a probationary period the right to appeal to the MSPB, 5 U.S.C. §§ 7501(1) and 7511(a)(1) specifically exclude individuals in their probationary period from the definition of "employee" for purposes of the type of removal action involved here. A limited right of appeal is granted to a probationary employee, however, by the regulation quoted at note 1, *supra.* As noted above, the MSPB dismissed petitioner's appeal because

of failure to comply with this regulation. It is clear from the statutes and regulations quoted above, that we have jurisdiction to review the MSPB's decision only if it is granted to us by 5 U.S.C. § 7703(b)(1).

Prior to the enactment of the Federal Courts Improvement Act of 1982, appeals from decisions of the MSPB could be filed under § 7703(b)(1) in either the Court of Claims or one of the courts of appeal. The same exception for cases of discrimination applied then as applies now. Under 5 U.S.C. § 7703(b)(2), those cases followed an entirely different route of appeal. The Court of Claims had the opportunity on more than one occasion to rule upon its jurisdiction in discrimination cases involving probationary employees. In the case of *Hadley v. Department of the Navy,* Ct.Cl. App. No. 7–80 (order of November 13, 1981), a probationary employee alleged that he was dismissed in violation of the Rehabilitation Act of 1973, because he was a reformed alcoholic.[3] The court held in *Hadley* that it not only lacked jurisdiction to review an order of the MSPB on the merits, but it also lacked jurisdiction to review the MSPB's order dismissing the appeal for lack of jurisdiction. The court relied principally on the Supreme Court case of *Brown v. General Services Administration,* 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976). In that case, the Supreme Court held that § 717 of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–16(c) (1976), (which section is *referred to* by 5 U.S.C. § 7703(b)(2)) "provides the exclusive judicial remedy for claims of discrimination in federal employment." *Id.* at 835, 96 S.Ct. at 1969. This remedy permits an employee to file suit in a district court to review his claim of employment discrimination. Because of the exclusiveness of this remedy, the Court of Claims held in *Hadley* that it was barred from reviewing *any order* of the MSPB in this type of case.

---

**2.** 5 U.S.C. § 7703(d) is not applicable to this case.

**3.** The Rehabilitation Act of 1973 made available all of the "remedies, procedures, and rights" of the Civil Rights Act of 1964. 29 U.S.C. § 794a(a)(1).

The Court of Claims followed *Hadley* in the subsequent case of *Richardson v. Department of Justice, Bureau of Prisons,* Ct. Cl.App. No. 40–81 (order of January 29, 1982). In that case a probationary employee was removed from his job as a correctional officer at a prison. He appealed to the MSPB, alleging that his dismissal was unlawful because it was due to his race. The MSPB dismissed the appeal for lack of jurisdiction. The court, citing *Hadley* and *Brown,* held that it, too, was without jurisdiction to review the case. It noted that since *Brown,* it had "consistently held that 'any jurisdiction this court may have had over back pay claims based on racial discrimination has been divested by the Equal Employment Act of 1972,'" which added § 717 to the Civil Rights Act. *Richardson, supra* at 3, *citing Clark v. United States,* 212 Ct.Cl. 590, 553 F.2d 104 (1970). It is clear, therefore, that the Court of Claims did not have jurisdiction to review this type of discrimination claim under old § 7703(b)(1).

■■■ The facts in the instant case are so similar to the facts in *Hadley* and *Richardson* that the decisions in those cases are dispositive of the issue involved here, unless the Act changed some critical aspect of our jurisdiction that renders these precedents inapplicable.[4] The Act gives our court exclusive jurisdiction of appeals from the MSPB under new § 7703(b)(1) of title 5, except § 7702 discrimination cases. However, the grant of "exclusive jurisdiction" to this court in § 1295(a)(9) of the Act does not create any new rights in petitioner, but merely grants jurisdiction to this court if the petitioner already has such a right. *Williams v. Department of the Army, su-*

*pra.* The Act allocates jurisdiction *between circuits* by combining the jurisdictions of the Court of Claims and that of the various courts of appeals in MSPB cases, other than those involving discrimination, into the jurisdiction of this court. *Williams, supra.* But both before and after the passage of the Act, jurisdiction of discrimination cases was placed in the district courts. The Act does not evidence an intent by Congress to extend our jurisdiction to appeals from the MSPB involving claims of discrimination. We find nothing in the Act which would change the result mandated by *Hadley* and *Richardson.* Therefore, in accordance with these precedents, which we are required to follow, we hold that we have no jurisdiction under 5 U.S.C. § 7703(b)(1) to review the MSPB's decision in this case.[5] Because petitioner has pursued his administrative remedy separately by filing a complaint with an INS Equal Employment Opportunity Counselor, we do not find it necessary in the interests of justice to transfer the case to the district court. Accordingly, the appeal is dismissed.

DISMISSED.

JACK R. MILLER, Circuit Judge, dissenting.

I cannot agree that this court lacks jurisdiction to review the MSPB's decision that the MSPB does not have jurisdiction over this case. The United States Court of Appeals for the Federal Circuit has exclusive jurisdiction over any "appeal from a final order or final decision"[1] of the MSPB pursuant to 5 U.S.C. § 7703(b)(1) except in "[c]ases of discrimination subject to the provisions of section 7702." 5 U.S.C. § 7703(b)(2).[2]

---

4. The decisions of the Court of Claims are binding precedent upon our court. *South Corp. v. United States,* 690 F.2d 1368 (Fed.Cir.1982).

5. Our decision is strengthened by the recent *in banc* decision of this court in *Williams v. Department of the Army, supra,* which held that an appeal from an MSPB decision in a case having a discrimination issue and also a non-discrimination issue could not be bifurcated so as to allow the appealing employee to pursue his discrimination issue in the district court and

his nondiscrimination issue in this court, and both issues must be tried in the district court under 5 U.S.C. § 7703(b)(2), and that we lack jurisdiction under 5 U.S.C. § 7703(b)(1) over such cases.

1. 28 U.S.C. § 1295(a)(9).

2. A number of questions remain to be settled in drawing the line between what is, and what is not, a "discrimination case." In *Meehan v. United States Postal Service,* 718 F.2d 1069

This court's recent opinion in *Rosano v. Department of the Navy,* 699 F.2d 1315, 1318 (Fed.Cir.1983), is clear precedent for my position that this court has jurisdiction to entertain appeals from MSPB dismissals for lack of jurisdiction.

> Resolution of this case turns on the correctness of the board's determination that the board did not have jurisdiction of the case. It is to that question we now turn, for, *however the board or the court resolves it, this court has the power and duty to make that determination.* [Emphasis added.]

*See also Mastriano v. Federal Aviation Administration,* 714 F.2d 1152 (Fed.Cir.1983), in which Judge Skelton joined the court's opinion.

The majority opinion relies on *Hadley v. Department of the Navy,* No. 7–80, order (Ct.Cl. Nov. 13, 1981). There the Court of Claims held that it had no jurisdiction over back pay claims based on discrimination. It relied on *Dunn v. United States Department of Agriculture,* 654 F.2d 64 (Ct.Cl. 1981), for the proposition that the Court of Claims did not have jurisdiction over cases not involving a claim for money, and on *Brown v. General Services Administration,* 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976), for the proposition that the Civil Rights Act of 1964 provided the exclusive remedy for discrimination cases. I recognize that the Civil Rights Act, referred to by 5 U.S.C. § 7703(b)(2), provides the correct route for resolving discrimination cases on the merits. However, that act does not resolve such threshold questions as what constitutes a "discrimination case" and how the limits of MSPB jurisdiction should be defined. With respect to the *Dunn* case, it is clear from *Rosano* and from the Federal Courts Improvement Act that the Court of Appeals for the Federal Circuit is not limit-

ed to rendering money judgments and that *Dunn* is not applicable to this court.[3]

In both *Hadley* and *Richardson v. Department of Justice, Bureau of Prisons,* No. 40–81, order (Ct.Cl. Jan. 29, 1982), which followed the rationale of *Hadley* that the jurisdiction of the Court of Claims was governed by the Tucker Act, the court declined to dismiss where dismissal by the MSPB for lack of jurisdiction was appealed, but, instead, transferred the cases to circuit courts of appeals. This was consistent with the former version of § 7703(b)(1), which stated:

> Except as provided in paragraph (2) of this subsection, a petition to review a final order or final decision of the Board shall be filed in the *Court of Claims or a United States court of appeals* .... [Emphasis added.]

In transferring these cases, the Court of Claims recognized the limits placed upon its jurisdiction by the Tucker Act, as enunciated by *Dunn.* However, *Dunn* is not applicable to this court, just as it was not applicable to a transferee circuit court of appeals. This is not a situation in which jurisdiction has been clearly placed in the district courts in the past. Further, the Court of Claims appears to have recognized that courts of appeals were not divested of their jurisdiction over appeals from MSPB final decisions by the reference in section 7703(b)(1) to the exception of paragraph (2) for "[c]ases of discrimination." Contrary to the majority view, the Federal Courts Improvement Act *did* change a critical aspect of our jurisdiction. It expressly replaced the "Court of Claims or a United States court of appeals" with a single court—the "Court of Appeals for the Federal Circuit." This court, as the statutory successor in MSPB appeals to the "Court of Claims or a United

---

(Fed.Cir.1983), this court determined that a mere statement on a standard MSPB appeal form that complainant was working in a "predominantly black facility" did not rise to the level of a "contention" of racial discrimination; further, that no evidence of racial discrimination was present. The court concluded that it had jurisdiction over the appeal since the case involved only "nondiscrimination" issues.

3. "*Dunn* applies to an aspect of Court of Claims jurisdiction which was expressly changed by the Federal Courts Improvement Act in creating the Federal Circuit. *Dunn* need not be overruled for it is simply inapplicable; to the extent that it is overruled, Congress has done it." *Rosano,* 699 F.2d at 1318.

States court of appeals," is equally empowered to review MSPB appeals dealing solely with jurisdictional issues, unhampered by the section 7702(b)(2) exception for "[c]ases of discrimination." Thus, our jurisdiction is *not* identical to that of the old Court of Claims, but has been expanded to encompass appeals which were formerly taken from the MSPB to the other circuit courts of appeals.

The majority opinion would deprive petitioner and others similarly situated from a previously available judicial review. Prior to the Federal Courts Improvement Act, MSPB appeals that were dismissed by the Court of Claims because of its own peculiar jurisdictional limitations could be transferred to a circuit court of appeals, despite the presence of an allegation of discrimination, for judicial review of the narrow question of whether the MSPB had properly dismissed for lack of jurisdiction. The majority opinion says that now, due to enactment of that Act, such judicial review has simply disappeared. In *Rosano,* this court responded to a similar argument as follows:

> If *Dunn* applied, then by removing all jurisdiction over board appeals from the other circuits and granting it exclusively to the Federal Circuit, the Federal Courts Improvement Act would have created a situation in which there is no judicial review available for non-monetary board cases. Putting aside any constitutional problems with this arrangement, there is a strong presumption against unreviewability in the absence of a specific congressional directive. *Dunlop v. Bachowski,* 421 U.S. 560, 567, 95 S.Ct. 1851, 1857, 44 L.Ed.2d 377 (1975); *Abbott Laboratories v. Gardner,* 387 U.S. 136, 140, 87 S.Ct. 1507, 1511, 18 L.Ed.2d 681 (1967).

*Rosano,* 699 F.2d at 1318 n. 13. There is no evidence that Congress intended that a class of petitioners who wish to contest the MSPB's dismissal of their cases for lack of jurisdiction would be deprived by the Federal Courts Improvement Act of the judicial review they once had.

The majority cites *Williams v. Department of the Army,* 715 F.2d 1485 (Fed.Cir. 1983), as strengthening its position, when, in fact, all that *Williams* holds is that a *mixed* case having a discrimination claim and a non-discrimination claim must be tried as a whole in a district court.[4] A case under section 7702, according to *Williams* must involve a specific type of action against an employee which may be appealed to the MSPB *and* an allegation of discrimination. Here, we have neither. The majority admits that petitioner's probationary status precludes him from bringing a claim of discrimination based on national origin under section 7702. Further, petitioner cannot contest the merits of his removal (appealable adverse action) because he has not yet been able to argue it below. All that is on appeal here is the threshold question of MSPB jurisdiction. Therefore, this cannot be a mixed case under section 7702.

This view is consistent with the interpretation by *Williams* of *Poppos v. Department of the Navy,* No. 81–81, order (Ct.Cl. August 20, 1982), involving the question of jurisdiction over a probationary employee's appeal. (Racial and age discrimination were alleged, as well as discrimination for partisan political reasons.) *Williams* states that *Poppos* "did not become a mixed case under § 7702 because it failed to pass the first criterion of 'an action which the employee ... may appeal to the board.'" *Williams,* 715 F.2d at 1488.

The majority's view seemingly rests on the theory that a petitioner, whose case is wrongfully dismissed for lack of jurisdiction by the MSPB, still, at least theoretically,[5] can pursue the administrative remedies nec-

---

4. *Williams* cautions that its holding "is limited to situations in which the employee is challenging judicially the board's determinations of *both* the discrimination and non-discrimination issues." *Williams,* 715 F.2d at 1491. (Emphasis added.)

5. This theory assumes that petitioner has had the foresight to submit a discrimination complaint to an Equal Employment Opportunity Counselor within 30 days following the alleged discriminatory act and has continued to timely meet the stringent procedural requirements of 42 U.S.C. § 2000e–16 while awaiting the outcome of the MSPB appeal.

essary to support filing suit in federal district court. Thus, petitioners with the slightest jurisdictional doubts would be encouraged to simultaneously pursue both avenues, leading to an increase in the workload for the MSPB, federal district courts, and federal agencies. Moreover, once a petitioner, whose case was wrongfully dismissed by the MSPB, reached the district court, that court might feel constrained to transfer the case back to the MSPB, resulting not only in a waste of time and resources, but also in lack of uniformity as each of some 94 different federal district courts (with appeals to their respective circuits) proceeds to define. the metes and bounds of MSPB jurisdiction. Congress sought to avoid such consequences by consolidating appellate jurisdiction over MSPB cases in a single court—the Federal Circuit.[6]

The decision of the board should be affirmed.

---

**6.** The same comment is applicable to the majority's suggestion that a federal district court would be the appropriate forum if transfer were contemplated.