Lilia CHAVEZ Petitioner,

v.

**DEPARTMENT OF THE AIR FORCE, Respondent.**

No. 01–3155.

United States Court of Appeals, Federal Circuit.

July 13, 2001.

Before LOURIE, RADER, and GAJARSA, Circuit Judges.

PER CURIAM.

Lilia Chavez seeks review of the final decision of the Merit Systems Protection Board ("Board") dismissing her appeal for lack of jurisdiction. Chavez v. Air Force, No. DA–315H–00–0327–I–1 (Jan. 8, 2001). Because there is substantial evidence of record supporting the Board's determination, we affirm.

## I. BACKGROUND

On November 8, 1999, the Department of the Air Force ("Air Force") appointed Ms. Chavez to a career-conditional GS–9 Environmental Engineer position with the Second Civil Engineering Squadron at Barksdale Air Force Base in Louisiana. The appointment was subject to a one-year probationary period. Effective March 20, 2000, Ms. Chavez was terminated for fail-

ure to complete assignments in a timely manner and failure to exhibit satisfactory interpersonal skills.

On April 5, 2000, Ms. Chavez filed an appeal with the Board. On June 30, 2000, an Administrative Judge ("AJ") dismissed the appeal for lack of jurisdiction. The AJ observed that Ms. Chavez was employed as a probationary employee, and was afforded an extremely limited right of appeal. Specifically, the AJ noted that a probationary employee may appeal to the Board only if she is terminated (1) based on partisan political reasons, (2) based on marital status, or (3) based on pre-appointment reasons and the agency failed to follow the proper procedures in the termination action. The AJ did not discuss whether the termination was based on partisan political reasons because Ms. Chavez did not raise this argument. The AJ noted that, "the appellant has presented no evidence establishing a prima facie case of marital status discrimination." Moreover, the AJ also determined that "her termination was the result of actions that occurred subsequent to her appointment." Therefore, the AJ dismissed the appeal for lack of jurisdiction. On January 8, 2001, the Board affirmed the decision and it became final. Ms. Chavez timely appealed to this court.

## II. STANDARD OF REVIEW

■ This court's scope of review over decisions of the Board is limited by statute. We must affirm the decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (1994); *Cheeseman v. Office of Pers. Mgmt.*, 791 F.2d 138, 140 (Fed.Cir.1986). Jurisdiction is a question of law that we

review de novo. *Serrao v. Merit Sys. Prot. Bd.*, 95 F.3d 1569, 1573 (Fed.Cir. 1996). The petitioner has the burden of establishing Board jurisdiction by a preponderance of the evidence. 5 C.F.R. § 1201.56(a)(2) (2001); see also *Serrao*, 95 F.3d at 1573.

## III. DISCUSSION

■ A probationary employee is not an "employee" as defined in 5 U.S.C. § 7511(a)(1) (1994) and is excluded from the statutory appeals process granted pursuant to 5 U.S.C. § 7703(a)(1) (1994). Thus, a probationary employee has a right to appeal a termination decision only as provided by Office of Personnel Management ("OPM") regulations. 5 C.F.R. § 315.806 (2001). According to OPM regulations, a probationary employee may appeal her termination to the Board in one of three circumstances: (1) where she alleges the termination was based on partisan political reasons, (2) where she alleges the termination was based on marital status, or (3) where she alleges the termination was based on pre-appointment reasons and the agency failed to follow the proper procedures in the termination action. 5 C.F.R. §§ 315.805, 315.806. A probationary employee may allege discrimination based on race, color, religion, sex, national origin, or age only when alleged in addition to one of the three circumstances stated above. *Bante v. Merit Sys. Prot. Bd.*, 966 F.2d 647, 649 (Fed.Cir.1992).

■ Ms. Chavez does not contend that she was terminated for partisan political reasons. She does, however, argue that she was terminated as a result of her employer's "find a husband policy." She contends that another employee told her that, "we're gonna find you a husband." She further argues that management made it a policy to hire single females to participate in the "office orgy." However, Ms.

Chavez cannot establish jurisdiction based on these conclusory allegations alone. *Bante*, 966 F.2d at 649; *Stokes v. Federal Aviation Admin.*, 761 F.2d 682, 685–86 (Fed.Cir.1985).

 To sustain her burden of establishing jurisdiction based on marital status discrimination, Ms. Chavez "must proffer sufficient evidence to enable the presiding official reasonably to conclude that the allegations are non-frivolous, i.e., a showing which, if not controverted, would indicate that marital discrimination was the basis for the agency's adverse action." *Stokes*, 761 F.2d at 685–86. Thus, the probationary employee faces a two-step process: (1) she must make a non-conclusory, non-frivolous allegation of marital discrimination, and (2) she must support this allegation with a showing of facts that would, if not controverted, require a finding that the marital discrimination was the basis for the discharge. *Id.* at 686. In this case, Ms. Chavez fails to meet even the first step—she does not allege that the termination was a result of marital discrimination. Moreover, there is no evidence to show that her termination was based on marital status. At best, Ms. Chavez has presented unsupported allegations of sexual and racial harassment. However, discrimination based on sex and race does not alone constitute a basis of appeal to the Board. 5 C.F.R. § 315.806(d).

 Ms. Chavez also fails to establish that her termination was based on pre-appointment reasons. When an agency terminates a probationary employee based on pre-appointment reasons, the employee is entitled to submit a written answer and supporting affidavits. 5 C.F.R. § 315 .805. A probationary employee is entitled to file an appeal with the Board if the termination is not effected in accordance with these procedural requirements. 5 C.F.R. § 315.806(c). However, Ms. Chavez has not furnished any evidence to show that her termination was based on pre-appointment reasons. Ms. Chavez argues that her termination may have been based on her failure to receive a security clearance as a pre-employment condition. However, the Air Force indicated that Ms. Chavez did not fail her security clearance, and that the adjudication of her security clearance was never completed. Indeed, the Notice of Termination, informed Ms. Chavez that she was being terminated solely because she "consistently failed to complete assignments in a timely manner" and "consistently failed to exhibit satisfactory interpersonal skills." There is no evidence in the record to suggest that the termination was based on anything other than post-appointment conduct.

Ms. Chavez makes a number of other arguments contesting the merits of her termination. She contends that she is "very industrious" and worked at an "accelerated pace" to complete a drinking water assessment in two weeks. She also denies that her interpersonal skills are unsatisfactory. Ms. Chavez argues that her interpersonal skills are reasonable in light of "violent" confrontations and death threats from co-workers. However, neither this court nor the Board is allowed to consider these other arguments. As a probationary employee, Ms. Chavez has an extremely limited right of appeal to the Board. Based on the evidence, the termination is based solely on post-appointment conduct. Furthermore, Ms. Chavez has not established a facially non-frivolous allegation of marital status discrimination.

Thus, Ms. Chavez has failed to meet her burden of establishing that the Board had jurisdiction over her appeal.