**Ming G. YU, Petitioner,**

v.

**DEPARTMENT OF THE ARMY, Respondent.**

**No. 01–3336.**

United States Court of Appeals, Federal Circuit.

Jan. 23, 2002.

Before NEWMAN, RADER, and SCHALL, Circuit Judges.

NEWMAN, Circuit Judge.

Ming G. Yu seeks review of the decision of the Merit Systems Protection Board dismissing his appeal for lack of jurisdiction. *Ming G. Yu v. Dept. of the Army,* Docket No. DC315H010142–I–1 (March 13, 2001). We *affirm.*

## BACKGROUND

Mr. Yu was appointed as a Civil Engineer for the Department of the Army on November 8, 1999 subject to the completion of a one-year probationary period. He was terminated effective November 3, 2000, and informed by his supervisor that the termination was the result of unsatisfactory work performance and conduct. Mr. Yu appealed to the Board, stating that his termination was based upon his national origin (Chinese) and pre-appointment reasons.

The administrative judge held that the Board lacked jurisdiction to hear the appeal. The judge found that Mr. Yu had failed to raise a nonfrivolous allegation that could establish jurisdiction. The full Board denied Mr. Yu's petition for review, and the initial decision became final.

## DISCUSSION

The Board's decision must be affirmed unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

■ Removal during the probationary period is appealable only if the appellant raises a non-frivolous allegation that his termination was due to partisan political reasons or marital status, or for conditions that arose before the appointment. 5 C.F.R. §§ 315.806(b)-(c), 1201.3(a)(8). A

nonfrivolous allegation is one that, if proven, *prima facie* establishes the necessary factual premises.

Mr. Yu alleged that he was terminated because of his Chinese origin. The Board correctly found that this allegation, even if true, did not constitute a partisan political reason. Discrimination claims in general are not appealable to the Federal Circuit. Mr. Yu also alleged to the Board that his termination "may" also have been based on conditions arising before his appointment, but provided no support for this allegation. *See Bante v. Merit Systems Protection Board*, 966 F.2d 647, 649 (Fed.Cir.1992) (a probationer's appeal must include an allegation "supported by factual assertions indicating that the allegation is not a pro-forma pleading. A merely conclusory pleading is insufficient.") (citing *Stokes v. Federal Aviation Admin.*, 761 F.2d 682, 685–86 (Fed.Cir. 1985)).

Mr. Yu's principal argument on appeal is that his performance and conduct during the probationary period were satisfactory, and did not merit termination. However, the agency need not show unsatisfactory performance in order to discontinue employment during a probationary period; the only grounds for appeal are those set in 5 C.F.R. § 315.806(b)-(c) and § 1201.3(a)(8). The Board correctly held that it did not have jurisdiction to entertain the appeal.

No costs.