**Thalia C. SANDERS, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 02–3317.

United States Court of Appeals, Federal Circuit.

DECIDED: Feb. 13, 2003.

Before NEWMAN, GAJARSA, and LINN, Circuit Judges.

PER CURIAM.

Thalia C. Sanders petitions for review of the decision of the Merit Systems Protection Board, Docket No. DC315H020398–I– 1, 2002 WL 1377861, dismissing her appeal for lack of jurisdiction. We *affirm* the decision of the Board.

## BACKGROUND

Ms. Sanders was appointed to the position of Secretary in the Department of the Treasury on December 17, 2001, subject to a one year probationary period. She was terminated on March 27, 2002 for unacceptable performance in a critical element of her position. Ms. Sanders timely appealed to the Board, which ruled that it did not have jurisdiction to hear her allegations of racial discrimination, constitutional violations, and whistleblower reprisal, because she had been a probationary employee when terminated. This appeal followed.

## DISCUSSION

Ms. Sanders acknowledges that she was a probationary employee when she was terminated. By regulation, the jurisdiction of the Board over adverse personnel actions against probationary employees is limited to those employees who make non-frivolous allegations of discrimination based on partisan political reasons or marital status. *See* 5 C.F.R. § 315.806(b); *Mastriano v. Federal Aviation Administration,* 714 F.2d 1152, 1155 (Fed.Cir.1983) ("There is no statutory authorization for an appeal by probationary employees to the MSPB.... The only cognizable right of appeal by a probationary employee to the MSPB is contained in the regulation previously mentioned, 5 C.F.R. § 315.806. This regulation only permits appeals by probationary employees where it is alleged that the agency action resulted from discrimination based upon marital status or partisan political reasons.")

The employee must allege specific acts taken by the agency or its officers that show that discrimination played a role in

the agency decision. A mere allegation of discrimination, without the identification of specific facts, is not enough. Ms. Sanders does not allege discrimination based on partisan political reasons, but alleges marital status discrimination. As support, Ms. Saunders cites the impact the agency's action had on her family life, stating before the Board that the " 'biggest victim [was her] family (marital status),' " *Initial Decision* at 2. She does not, however, allege that the fact that she is married had any bearing on her termination or that the agency treated unmarried employees differently. The Board observed:

> Here, appellant only refers in general terms to her marital status and to the impact that her termination had on her family but she does not allege that she was treated differently than employees with another marital status or that the agency officials responsible for her termination made any remarks about her marital status and she certainly did not make any factual assertions that would support a claim of marital status discrimination.

*Initial Decision* at 3.

We agree with the Board that the adverse effect of a termination on an employee's family life does not support the charge of martial status discrimination. The Board's decision must be affirmed.