NOTE:   This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3165

JEFFREY JONES,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.


Jeffrey Jones, of Gainesville, Florida, pro se.

Sara B. Rearden, Attorney, Office of the General Counsel, United States Merit Systems Protection Board, of Washington, DC, for respondent.  With her on the brief were B. Chad Bungard, General Counsel, Rosa M. Koppel, Deputy General Counsel, and Jeffrey Gauger, Acting Associate General Counsel.

Appealed from:  United States Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3165

JEFFREY JONES,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED:  September 6, 2007

_____

Before RADER and MOORE, <u>Circuit Judges</u>, and YEAKEL, <u>District Judge</u><sup>∗</sup>.

PER CURIAM.

The Merit Systems Protection Board ("Board") dismissed Mr. Jeffery Jones's claim for lack of subject matter jurisdiction.  <u>Jeffrey Jones v. Dep't of Veterans Affairs</u>, MSPB Docket No. AT-315H-06-1056-I-1 (<u>Initial Decision</u>, September 14, 2006; <u>Final Order</u>, January 24, 2007).  Because the Board properly dismissed Mr. Jones's appeal for lack of jurisdiction, this court <u>affirms</u>.

I

Mr. Jones received a career-conditional appointment to an agency housekeeping aid position on April 16, 2002.  The career conditional appointment was subject to a one-year probationary period.  The Department of Veterans Affairs terminated Mr.

---

∗ Honorable Lee Yeakel, District Judge, United States District Court for the Western District of Texas, sitting by designation.

Jones from the housekeeping aid position, effective July 14, 2006. Initial Decision, slip op. at *3.

Thereafter, on August 22, 2006, Mr. Jones filed an appeal to the Board. Although Mr. Jones's appeal was filed eight days late, the Board considered Mr. Jones's appeal on the merits. In its initial decision, the Board found that Mr. Jones was serving in the probationary period of employment at the time of his termination. Id. The Department of Veterans Affairs terminated Mr. Jones due to his conduct after receiving the appointment. The Board's initial decision became final after the Board denied Mr. Jones's petition for review. Final Decision.

II

The Board's jurisdiction is not plenary, but rather limited to matters specifically entrusted to it by law, rule or regulation. 5. U.S.C. § 7701(a); Todd v. Merit Systems Protection Board, 55 F.3d 1574, 1576 (Fed. Cir. 1995). Mr. Jones has the burden of establishing jurisdiction before the Board by a preponderance of the evidence. 5 C.F.R. § 1201.56(a)(2); Yates v. Merit Systems Protection Board, 145 F.3d 1480, 1483 (Fed. Cir. 1998). Jurisdiction is a question of law that this court reviews without deference. Fields v. Dep't of Justice, 452 F.3d 1297, 1301 (Fed. Cir. 2006).

The Board's decision to dismiss Mr. Jones's appeal must be affirmed unless Mr. Jones establishes that the decision is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c); Yates, 145 F.3d at 1483.

The Administrative Judge ("AJ") correctly cited the applicable statutes, regulations and case law with respect to the termination of an employee within the one-year probationary window. Specifically, "[a] terminated probationary employee has no statutory right of appeal to the Board." Initial Decision; citing 5 U.S.C. § 7511(a)(1)(a); Mastriano v. Federal Aviation Administration, 714 F.2d 1152, 1155 (Fed. Cir. 1983). A probationary employee only has a limited regulatory right of appeal. This limited right must be based on partisan political reasons or on marital status discrimination. 5 C.F.R. § 315.806(b); see McCloud v. Dep't of the Navy, 33 M.S.P.R. 643, 646 (1987). Therefore, a probationary employee must put forth a non-frivolous claim of either partisan political reasons or marital status discrimination for employment termination to prove jurisdiction by the Board. See Stokes v. Fed. Aviation Admin., 761 F.2d 682, 685-86 (Fed. Cir. 1985).

In Mr. Jones's appeal to the Board and his appeal to this court, he did not put forth any reasons for his termination based on partisan politics or marital status discrimination. Thus, the Board's decision to dismiss Mr. Jones's appeal for lack of jurisdiction was not arbitrary, capricious, an abuse of discretion, or obtained without procedures required by law, rule, or regulation. Accordingly, this court affirms the Board's decision.