NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3139

ANN T. NGUYEN,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent,

and

GENERAL SERVICES ADMINISTRATION,

Intervenor.

James S. Sable, Law Office of James S. Sable, of Seattle, Washington, for petitioner.

Calvin M. Morrow, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were B. Chad Bungard, General Counsel, and Keisha Dawn Bell, Deputy General Counsel.

Scott A. MacGriff, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for intervenor. With him on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Reginald T. Blades, Jr., Assistant Director.

Appealed from: Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2009-3139

ANN T. NGUYEN,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent,

and

GENERAL SERVICES ADMINISTRATION,

Intervenor.

Petition for review of the Merit Systems Protection Board in SF315H080665-I-1.

_____

DECIDED:  January 7, 2010

_____

Before BRYSON, LINN, and PROST, Circuit Judges.

PER CURIAM.

Petitioner Ann T. Nguyen challenges the General Service Administration's ("GSA's") termination of her from her position as a probationary employee with the agency.  The Merit Systems Protection Board ("Board") dismissed her appeal from this termination for lack of jurisdiction.  We affirm.

BACKGROUND

On August 6, 2007, GSA gave Ms. Nguyen a career conditional appointment to

the position of Realty Specialist, GS-1170-12, subject to her successful completion of a one-year probationary period. On July 24, 2008, GSA notified Ms. Nguyen that effective August 2, 2008 her appointment was terminated for post-appointment reasons, namely, because she did not demonstrate fitness for continued employment. GSA's termination letter explained that Ms. Nguyen failed to follow "established time and attendance policies" and her "arrival and departure times were noted by other members of the staff and the times were significantly different from what [she] indicated on [her] worksheet." In addition, the notice informed Ms. Nguyen that she did not improve her rating for the critical element of "[m]aintain[ing] competencies and professional values," as she did not "develop[] positive relationships with [her] team members." It further informed Ms. Nguyen that she had the right to appeal her termination to the Board, if she felt it was "based on partisan political reasons or because of [her] marital status."

Ms. Nguyen appealed, arguing that her termination was illegally based on her marital status, partisan political reasons, and a hostile work environment. She also argued that she was performing satisfactorily and had not violated the agency's standards of conduct. The Board's administrative judge issued an acknowledgement order, notifying Ms. Nguyen that she must make a non-frivolous allegation that her termination was based on partisan political or marital status discrimination to establish jurisdiction under 5 C.F.R. § 315.806. Ms. Nguyen responded to that order. Thereafter, GSA moved to dismiss her appeal for lack of jurisdiction. The administrative judge determined that Ms. Nguyen's allegations were insufficient because she did not allege any facts that linked her termination to her marital status or discrimination on the basis of an affiliation with a political party or candidate. Further, the administrative judge

found that an allegation of a hostile work environment claim is not an independent basis for the Board's jurisdiction. Therefore, the administrative judge dismissed her appeal because Ms. Nguyen failed to establish the Board's jurisdiction for her claims.

Ms. Nguyen filed a petition for review of the Board's decision on the grounds that her constitutional "liberty" interest was implicated because her removal adversely affected her reputation and ability to obtain future employment. She argued that the limitations placed on the Board's jurisdiction by the Office of Personnel Management ("OPM") arbitrarily and capriciously denied her due process and thus the Board should take jurisdiction to determine the merits of her appeal. After GSA opposed the petition and the Board denied the petition for review, the initial decision of the administrative judge became the final decision of the Board.

We have jurisdiction under 28 U.S.C. § 1295(a)(9).

DISCUSSION

Our scope of review in an appeal from a decision of the Board is limited. We may set aside a decision of the Board dealing with non-jurisdictional issues only when it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). Jurisdiction is question of law we review de novo. See Serrao v. Merit Sys. Prot. Bd., 95 F.3d 1569, 1574 (Fed. Cir. 1996). The petitioner bears the burden of establishing jurisdiction with the Board. McCormick v. Dep't of the Air Force, 307 F.3d 1339, 1340 (Fed. Cir. 2002). The Board only has jurisdiction over an appeal of a probationary employee if he or she makes a nonfrivolous allegation of discrimination based on partisan political reasons or

marital status. 5 C.F.R. § 315.806(b). It is undisputed that Ms. Nguyen is a probationary employee.

On appeal, Ms. Nguyen does not argue that the Board improperly found that she failed to state a non-frivolous allegation that her termination was based on partisan political or marital status discrimination, or that it lacked jurisdiction to hear her hostile work environment claim. Instead, Ms. Nguyen argues that (1) the termination of her employment deprived her of a protected liberty interest in that employment; (2) the termination procedures used against her were unconstitutional; and (3) she, as a member of a bargaining unit, is covered by a collective bargaining agreement and is entitled to contest her removal from employment. In this regard, she does not contend that the Board has jurisdiction under § 315.806(b) to hear any of these claims. Indeed, she admits that as a probationary employee she may only appeal the decision to terminate her under § 315.806(b), which limits jurisdiction to claims of discrimination based upon political reasons or marital status.

It is well-settled that the Board's jurisdiction is not plenary, but is limited to actions made appealable to it by law, rule, or regulation. See 5 U.S.C. §§ 1204(a)(1), 7701(a); Forest v. Merit Sys. Prot. Bd., 47 F.3d 409, 410 (Fed. Cir. 1995). Ms. Nguyen asserts that the Board should ignore such "arbitrary and capricious" jurisdictional limitations that deny probationary employees due process because she is "left without any avenue for relief." We disagree. Even in the case that Ms. Nguyen primarily relies on, Walker v. United States, 744 F.2d 67, 71 (10th Cir. 1984), overruled on other grounds by Melton v. City of Oklahoma City, 928 F.2d 920 (10th Cir. 1991), the court found that the MSPB lacks jurisdiction over a probationary employee's appeal, where

the employee does not allege a basis for appeal within the regulation. Further, the court found that where an employee challenges the adequacy of the procedural requirements of § 315.805, and not the application of those requirements, the claim is not within the Board's jurisdiction. Id.

Because Ms. Nguyen does not dispute that she failed to state a non-frivolous allegation that her termination was based on partisan political or marital status discrimination, the Board correctly found that it lacked jurisdiction and dismissed her case. As the government suggests, the United States district court may be the appropriate forum for Ms. Nguyen to pursue her constitutional claims. Therefore, the decision of the Board is affirmed.

## COSTS

Each party shall bear its own costs.