NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CARL FOX,**
*Petitioner,*

v.

**DEPARTMENT OF DEFENSE,**
*Respondent.*

---

2012-3078

---

Petition for review of the Merit Systems Protection Board in No. CH-0752-11-0659-I-1.

---

Decided: November 27, 2013

---

CARL FOX, of Canton, Mississippi, pro se.

P. DAVIS OLIVER, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were the STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and SCOTT D. AUSTIN, Assistant Director.

---

Before NEWMAN, DYK, and TARANTO, *Circuit Judges.*

PER CURIAM.

Carl Fox challenges a decision of the Merit Systems Protection Board that dismissed his appeal to the Board for lack of jurisdiction. We now dismiss his appeal to this court, concluding that there is no concrete benefit that a judgment of this court could confer on Mr. Fox. We have to consider as a threshold matter whether we have jurisdiction under our own statute, but regardless of how we were to decide that question, the Board's determination that it lacks jurisdiction would stand.

## BACKGROUND

On January 7, 2008, Mr. Fox started work as a Telecommunications Specialist at the Defense Logistics Agency, in probationary status that was to last one year. Only six weeks later, on February 20, 2008, Mr. Fox resigned.

Mr. Fox filed a complaint with the agency alleging that his resignation was involuntary, resulting from discrimination and a hostile work environment. The agency investigated his complaint and found no discrimination. In December 2010, Mr. Fox attempted to appeal the agency's decision to the Equal Employment Opportunity Commission, but the Commission dismissed his appeal on the ground that his was a mixed-case complaint (*i.e.*, "a complaint of employment discrimination filed with a federal agency . . . stemming from an action that can be appealed to the Merit Systems Protection Board", 29 C.F.R. § 1614.302(a)), over which the Commission lacked jurisdiction, *see id.* § 1614.302(d)(1)(ii). The Commission explained that the proper procedure was for Mr. Fox to appeal directly to the Merit Systems Protection Board. *Id.*

Mr. Fox then filed an appeal with the Board alleging that his resignation was involuntary. On July 1, 2011, the Board issued an order informing Mr. Fox that it might not have jurisdiction over his appeal. The Board ex-

plained that probationary employees with less than one year of service have limited regulatory rights of appeal to the Board that extend only to termination decisions "based on partisan political reasons or marital status." 5 C.F.R. § 315.806(b). The Board provided Mr. Fox with 15 calendar days to establish that it had jurisdiction over his appeal, by showing either that he was not a probationary employee or that he had been involuntarily dismissed based on partisan political reasons or his marital status.

Mr. Fox did not respond to the order. On August 15, 2011, the Board issued an initial decision dismissing Mr. Fox's appeal for lack of jurisdiction. Mr. Fox filed a petition for review to the full Board, but he made no new allegations and acknowledged that he was still serving his probationary period at the time of his resignation. On January 6, 2012, the Board denied his petition.

Mr. Fox appeals. In this court, he presented an oral argument in which he elaborated on the facts that gave rise to his complaint. Nevertheless, we must leave in place the Board's determination that it lacked jurisdiction given the limited appeal rights of probationary employees like Mr. Fox.

## DISCUSSION

It is incumbent on us to consider as an initial matter whether Mr. Fox's appeal comes without our *statutory* jurisdiction, *i.e.*, whether his appeal comes within the authority that Congress granted to this court—here, in 5 U.S.C. § 7703 and 28 U.S.C. § 1295. In this case, however, regardless of how we were to answer that question, the answer would not matter to Mr. Fox. In either event, the Board's determination of its own lack of jurisdiction to hear his claim under 5 C.F.R. § 315.806 would stand. In this circumstance, we dismiss his appeal to this court for lack of a concrete controversy, because our disposition could not affect the result for Mr. Fox's claim.

A conclusion that we have statutory jurisdiction would follow from applying the most recent Supreme Court decision in the area. *Kloeckner v. Solis*, 133 S. Ct. 596, 603-04 (2012), addressed this court's jurisdiction in a case of discrimination coming from the Board. The Court required the jurisdictional analysis to adhere closely and step by step to the language of the pertinent, interlocking statutory provisions governing this court's jurisdiction.

Under 28 U.S.C. § 1295(a)(9), this court has jurisdiction to review a "final order or final decision" of the Board pursuant to 5 U.S.C. § 7703(b)(1). The Board's dismissal was a final order or final decision. Section 7703(b)(1) sends the matter to us for review unless a single exception applies: "[c]ases of discrimination subject to [5 U.S.C. § 7702]" fall outside this court's jurisdiction. *See* 5 U.S.C. § 7703(b)(1)(A) (as relevant here, cases go to this court "[e]xcept as provided in . . . paragraph (2) of this subsection"); § 7703(b)(2) ("[c]ases of discrimination subject to the provisions of section 7702 of this title shall be filed" in district court under other laws). Under the familiar principle that "a federal court always has jurisdiction to determine its own jurisdiction," *United States v. Ruiz*, 536 U.S. 622, 628 (2002), we have jurisdiction to decide whether Mr. Fox's case is one "subject to" section 7702—a decision that is necessary for us to determine whether we have jurisdiction under 28 U.S.C. § 1295(a)(9) and 5 U.S.C. § 7703(b)(1)(A).

For a case to be "subject to" section 7702, it must, among other things, involve "an action which the employee or applicant may appeal to the" Board. 5 U.S.C. § 7702(a)(1)(A). Here, the Board held that Mr. Fox's resignation was not an action he could appeal to the Board, because it plainly falls outside the very limited provision of appeal rights to probationary employees under 5 C.F.R. § 315.806. Reviewing that determination in order to determine our own jurisdiction, we agree.

There is no dispute that there were only two ways for Mr. Fox to establish the Board's jurisdiction: he could show that he was not, in fact, a probationary employee, or he could show that he nevertheless had a regulatory right to appeal under 5 C.F.R. § 315.806(b). Mr. Fox conceded that he was a probationary employee at the time of his allegedly involuntary resignation. Therefore, Board jurisdiction depended on whether Mr. Fox claimed that his removal "was based on partisan political reasons or marital status." 5 C.F.R. § 315.806(b). But Mr. Fox has never made any such allegations.

Mr. Fox asserts instead that his involuntary resignation was the result of race and age discrimination and a hostile work environment. Those allegations do not give rise to a right to appeal under 5 C.F.R. § 315.806(b). The Board may not consider a probationary employee's claims of age or race discrimination unless they are raised "in addition to" one of the claims that give rise to Board jurisdiction under subsection (b) or under subsection (c), the latter involving procedural error. *Id.* § 315.806(d). But Mr. Fox undisputedly has made no allegations falling within subsections (b) or (c), leaving his discrimination claim outside the regulatory authorization of appeals to the Board.

Under the foregoing analysis, this court would have statutory jurisdiction to hear Mr. Fox's appeal. But the analysis that supports this court's statutory jurisdiction rests on, and therefore simultaneously would require affirming, the Board's conclusion that *it* lacked jurisdiction over Mr. Fox's claim. The result would be to leave the Board's determination that it cannot hear Mr. Fox's claim in place.

The same bottom-line result for Mr. Fox's claim would follow, of course, if this court lacked statutory jurisdiction to hear Mr. Fox's appeal. That possibility is raised, not by any doubt about how the *Kloeckner*-directed analysis of

our jurisdictional statutes comes out, but by an old precedent of this court. *Granado v. Department of Justice*, 721 F.2d 804 (Fed. Cir. 1983), held that this court lacked jurisdiction to review a Board decision that a probationary employee's appeal alleging national-origin discrimination must be dismissed as falling outside 5 C.F.R. § 315.806. That precedent appears to be on point in the present case involving allegations of race and age discrimination.

On the other hand, there is reason to question whether *Granado* is any longer good law insofar as it found this court to lack jurisdiction. This court has apparently never relied on *Granado* for its jurisdictional holding. Moreover, in unpublished decisions, this court has consistently affirmed, rather than dismissed appeals from, decisions of the Board that dismissed appeals of probationary employees for lack of Board jurisdiction under 5 C.F.R. § 315.806. *See, e.g.*, *Johnson v. Merit Sys. Prot. Bd.*, 495 F. App'x 68 (Fed. Cir. 2012); *Nguyen v. Merit Sys. Prot. Bd.*, 360 F. App'x 146 (Fed. Cir. 2010); *Jones v. Merit Sys. Prot. Bd.*, 241 F. App'x 705 (Fed. Cir. 2007); *Sanders v. Merit Sys. Prot. Bd.*, 55 F. App'x 917 (Fed. Cir. 2003); *Yu v. Dep't of Army*, 28 F. App'x 968 (Fed. Cir. 2002); *Chavez v. Dep't of Air Force*, 15 F. App'x 869 (Fed. Cir. 2001); *Robertson v. Veterans Admin.*, 826 F.2d 1072 (Fed. Cir. 1987) (Table); *cf. Stokes v. FAA*, 761 F.2d 682, 687-88 (Fed. Cir. 1985) (court has jurisdiction over the Board's dismissal of a probationary employee's appeal for failure to support the jurisdictional allegation of marital discrimination). And the result in *Granado* stands in stark contrast to this court's recent holding in *Conforto v. Merit Systems Protection Board*, 713 F.3d 1111 (Fed. Cir. 2013), that this court has jurisdiction to review the Board's determination of its own lack of jurisdiction over an appeal by a (non-probationary) employee who alleged discrimination.

This court has recognized that, in appropriate circumstances, an earlier panel decision must be treated by a

later panel as having been superseded by an intervening Supreme Court decision. *See, e.g., Doe v. United States*, 372 F.3d 1347, 1354-56 (Fed. Cir. 2004); *Tex. Am. Oil Corp. v. U.S. Dep't of Energy*, 44 F.3d 1557, 1561 (Fed. Cir. 1995) (en banc). Perhaps that is so for *Kloeckner* and *Granado*. But we need not say.

The dispositive point here is that if *Granado* deprives us of jurisdiction over Mr. Fox's appeal, we could not change the Board's decision that it lacked jurisdiction over his claim, which would therefore stand, and the same result for Mr. Fox's claim would follow if we recognized our own statutory jurisdiction, which would also leave the Board's decision in place. In these circumstances, we need not decide the question of our own statutory jurisdiction. No concrete result for Mr. Fox could be altered by such a decision. His appeal is therefore dismissed for want of a concrete controversy.

We note that, with the Board's dismissal left standing, perhaps Mr. Fox may return to the Commission with his discrimination allegations now that the Board, to which the Commission itself sent him, has indicated that it cannot hear his allegations. We express no view on those allegations.

No costs.

**DISMISSED**