NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CHARLES DERECK ADAMS,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2023-1212

---

Petition for review of the Merit Systems Protection Board in Nos. DC-3443-22-0385-I-1 and DC-3443-22-0387-I-1.

-------------------------------------------------

**CHARLES DERECK ADAMS,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2023-1213

---

Petition for review of the Merit Systems Protection Board in No. DC-3443-22-0386-I-1.

-------------------------------------------------

**CHARLES DERECK ADAMS,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

————————————

2023-1214

————————————

Petition for review of the Merit Systems Protection Board in Nos. DC-3443-22-0385-I-1 and DC-3443-22-0387-I-1.

-------------------------------------------------

**CHARLES D. ADAMS,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

————————————

2023-1215

————————————

Petition for review of the Merit Systems Protection Board in No. DC-3443-22-0388-I-1.

————————————

PER CURIAM.

# O R D E R

Having considered the parties' responses to this court's January 30, 2023, show cause order, we summarily affirm.

Charles Dereck Adams served as an Information Technology Specialist with the Missile Defense Agency of the Department of Defense. His position required him to have and maintain a Top-Secret security clearance. In 2010, Mr. Adams' security clearance was revoked, resulting in his removal from the agency. As relevant here, Mr. Adams appealed his removal to the Merit Systems Protection Board ("Board"). The Board concluded that it lacked jurisdiction to review the merits of the agency's decision to remove Mr. Adams for failure to maintain the required security clearance, which we affirmed. *See Adams v. Dep't of Def.*, 688 F.3d 1330 (Fed. Cir. 2012).

In April and May 2022, Mr. Adams initiated the four above-captioned Board proceedings challenging the revocation of his security clearance as discriminatory and the result of a biased process.[1] In the two matters underlying Appeal Nos. 2023-1213 and 2023-1215, the Board dismissed for lack of jurisdiction. In the two matters underlying Appeal Nos. 2023-1212 and 2023-1214, the Board dismissed because the appeals raised materially identical claims to the already-pending appeals. Because Mr. Adams raised a discrimination claim before the Board and was interested in seeking judicial review of that claim, we directed the parties to address our jurisdiction.

We have jurisdiction to review a final decision from the Board except in "[c]ases of discrimination subject to the provisions of [5 U.S.C. §] 7702," which are instead brought

---

[1]    Mr. Adams had filed a materially similar appeal with the Board in April 2021, which was recently denied. *See Adams v. Dep't of Def.*, MSPB No. DC-0752-21-0372-I-1.

in district court.  5 U.S.C. § 7703(b)(1)(A), (b)(2); *Perry v. Merit Sys. Prot. Bd.*, 137 S. Ct. 1975, 1984 (2017).  For a "case[] of discrimination [to be] subject to the provisions of section 7702," it must involve both (1) "an action which the employee [ ] may appeal to the" Board and (2) an "alleg[ation] that a basis for the action was [covered] discrimination," § 7702(a)(1).  Here, Mr. Adams did not bring Board proceedings under § 7702 because he did not raise a non-frivolous basis to invoke the Board's jurisdiction.

Mr. Adams' removal action was resolved in 2012, *Adams*, 688 F.3d 1330, and the Board clearly lacks jurisdiction to solely review the manner in which the security clearance revocation proceeding was conducted.  It has long been settled that "[a] denial of a security clearance is not . . . an 'adverse action,' and by its own force is not subject to Board review," *Dep't of Navy v. Egan*, 484 U.S. 518, 530 (1988).  *See Hesse v. Dep't of State*, 217 F.3d 1372, 1376–77 (Fed. Cir. 2000).  These petitions also seem to involve the same issue as resolved in our earlier decision, which is collateral estoppel as to the Board's jurisdiction relating to adjudication of his security clearance.  *See Adams*, 688 F.3d at 1334.  In any event—and as already explained to Mr. Adams in his prior appeal—"neither this court nor the [Board] has authority to review the charge that retaliation and discrimination were the reasons for revocation of the security clearance."  *Id.*

It follows that Mr. Adams' petitions are not "[c]ases of discrimination subject to the provisions of [§] 7702," § 7703(b)(2), but instead fall within this court's jurisdiction under § 7703(b)(1)(A).  *See Perry*, 137 S. Ct. at 1984 (holding that a "nonfrivolous" allegation under § 7702 channels judicial review to district court); *cf. Granado v. Dep't of Just.*, 721 F.2d 804, 807 (Fed. Cir. 1983) (dismissing petition for review for lack of jurisdiction where the allegation of Board jurisdiction was not found to be frivolous).

It further follows that summary affirmance is appropriate because "no substantial question regarding the outcome of the appeal exists." *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994). The Board was clearly correct in its decisions in Appeal Nos. 2023-1213 and 2023-1215 that it lacked jurisdiction over Mr. Adams' appeals. Summary affirmance of the dismissal in Appeal Nos. 2023-1212 and 2023-1214 is likewise appropriate because those cases involved materially similar allegations of Board jurisdiction.[2]

Accordingly,

IT IS ORDERED THAT:

(1) The decisions of the Board are summarily affirmed.

(2) All pending motions are denied as moot.

(3) Each side shall bear its own costs.

FOR THE COURT

May 17, 2023                              /s/ Peter R. Marksteiner
    Date                                  Peter R. Marksteiner
                                          Clerk of Court

---

[2]    Under the circumstances, even if we were to conclude that we lacked jurisdiction, we would nonetheless decline to transfer these cases because it would not be in the interest of justice under 28 U.S.C. § 1631 for the reasons provided above. *Cf. Campbell v. McCarthy*, 952 F.3d 193, 203 (4th Cir. 2020) ("[W]e have never discerned an unmistakable expression of purpose by Congress in Title VII of the Civil Rights Act of 1964 to subject security clearance decisions to judicial scrutiny." (internal quotation marks, brackets, and citation omitted)).