NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TIFFANY HARRIS,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2024-1659

---

Petition for review of the Merit Systems Protection Board in No. AT-3443-21-0506-I-1.

---

Before LOURIE, CUNNINGHAM, and STARK, *Circuit Judges*.

PER CURIAM.

## O R D E R

In response to this court's show cause order, the Merit Systems Protection Board urges summary affirmance. Tiffany Harris requests transfer to the Supreme Court.

### I.

Ms. Harris was employed by the Department of Veterans Affairs as an Advanced Medical Support Assistant. In April 2020, Ms. Harris filed an Equal Employment Opportunity ("EEO") complaint alleging she was retaliated

against based on prior EEO activity.  Specifically, Ms. Harris alleged that she was subject to a 5-day suspension, counseling, denial of telework, being put in absent without leave status, and being subject to mistreatment by coworkers.  On January 29, 2021, the Department issued a final agency decision (FAD) denying her complaint.  She appealed that decision to the Equal Employment Opportunity Commission, which affirmed the agency's decision.

The Department removed Ms. Harris on July 12, 2021. She filed an appeal at the Board challenging her removal in part as unlawful retaliation for protected EEO activity. The Board ultimately sustained the agency's removal decision.  Ms. Harris then filed a complaint in the United States District Court for the Northern District of Alabama challenging the Board's decision as well as asserting unlawful discrimination based on the alleged reprisals raised in her EEO complaint.  *See Harris v. Dep't of Vet. Affs.*, No. 22-cv-00828-CLM (N.D. Ala.).  That case is still pending.

Several days after filing her removal appeal, Ms. Harris filed a separate appeal at the Board challenging the FAD.  The administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction.  Specifically, the administrative judge found that Ms. Harris was not challenging her removal or another action appealable to the Board and that the Board lacked independent authority to review a FAD.  The Board affirmed that decision.  Ms. Harris then filed this petition for review.

## II.

Before we can address whether summary affirmance is appropriate, we must decide whether this court has jurisdiction over this case.  This court has jurisdiction to review a final decision from the Board except in "[c]ases of discrimination subject to the provisions of [5 U.S.C. §] 7702," which are instead brought in district court.  5 U.S.C. § 7703(b)(1)(A), (b)(2); *Perry v. Merit Sys. Prot. Bd.*, 582 U.S. 420, 437 (2017).  For a "[c]ase[] of discrimination [to

be] subject to the provisions of section 7702," the employee must (1) "complain of a personnel action serious enough to appeal to the [Board]" and (2) allege "that the personnel action was based on discrimination." *Id.* at 432 (cleaned up). The personnel actions that are serious enough to appeal to the Board are generally limited to "a removal," "a suspension for more than 14 days," "a reduction in grade," "a reduction in pay," and "a furlough of 30 days or less." 5 U.S.C. § 7512; *see Kloeckner v. Solis*, 568 U.S. 41, 44 & n.1 (2012).

We agree with the Board that we have jurisdiction, as this is not a "[c]ase[] of discrimination." The Board here reasonably concluded that Ms. Harris's underlying appeal was intended to challenge her FAD and not her removal. And our review of the FAD further leads us to agree that her appeal failed to raise a nonfrivolous allegation of Board jurisdiction, as the reprisal activity identified in the FAD cannot plausibly be read as one of the limited personnel actions serious enough to appeal to the Board identified in 5 U.S.C. § 7512. *See Perry*, 582 U.S. at 431 (holding that a "nonfrivolous" allegation under § 7702 channels judicial review to district court); *cf. Granado v. Dep't of Just.*, 721 F.2d 804, 807 (Fed. Cir. 1983) (dismissing petition for review for lack of jurisdiction where the allegation of Board jurisdiction was not found to be frivolous). It follows, we find, that this petition is not a "[c]ase[] of discrimination," but instead falls within this court's jurisdiction under § 7703(b)(1)(A).

We further agree that summary affirmance is appropriate here because there are "no substantial question[s] regarding the outcome" of Ms. Harris's appeal. *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) (citation omitted). The Board was clearly correct that prohibited personnel practices under 5 U.S.C. § 2302(b), including claims of prohibited discrimination and retaliation, are not an independent source of Board jurisdiction, s*ee Schmidt v. Dep't of Interior*, 153 F.3d 1348, 1356 (Fed. Cir. 1998), and

that the appellant failed to challenge any personnel action within its jurisdiction.

Accordingly,

IT IS ORDERED THAT:

(1)  The Merit Systems Protection Board's decision is summarily affirmed.

(2)  Each side shall bear its own costs.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

August 21, 2024
            Date