73 F.3d 380
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Billy M. VANNOY, Petitioner,
v.
DEPARTMENT OF the AIR FORCE, Respondent.
 No. 95-3652.
 United States Court of Appeals, Federal Circuit.
 Dec. 13, 1995.
 
 Before MICHEL and LOURIE, Circuit Judges, and NIES, Senior Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Billy M. Vannoy petitions this court to review the decision of the Merit Systems Protection Board ("Board"), in docket No. DE-315H-95-0309-I-1, which dismissed his appeal from a termination decision for lack of jurisdiction. The May 22, 1995 initial decision became the final decision of the Board on June 26, 1995, by operation of law. As Mr. Vannoy was a probationary employee when he was terminated, we affirm the decision of the Board.
 
 DISCUSSION
 
 2
 The Department of the Air Force ("Air Force") provided Mr. Vannoy a career-conditional appointment from an Office of Personnel Management ("OPM") certificate as an Environmental Engineer, GS-0819-11, on August 7, 1994. Immediately prior to that selection, the Air Force had employed Mr. Vannoy as an Environmental Protection Specialist, GS-0029-11, where he had completed his probationary period with no break of service.
 
 
 3
 Mr. Vannoy was given a Notice of Proposed Termination During Probation Period, by the Air Force, on December 28, 1994. That notice advised Mr. Vannoy that an Air Force Office of Special Investigations ("AFOSI") investigation, conducted from August 10 through September 22, 1994, had discovered stolen United States government military property, including ammunition, in Mr. Vannoy's possession. Based on the results of the investigation, the Air Force proposed to dismiss Mr. Vannoy during his probationary period because he failed to demonstrate the character traits or meet the standards necessary for employment as an Environmental Engineer.
 
 
 4
 Mr. Vannoy appealed his termination to the Board. After comparing Mr. Vannoy's prior position as an Environmental Protection Specialist with his newly appointed position as an Environmental Engineer, the Board determined that Mr. Vannoy's prior probationary period was not creditable toward completion of the probationary period in his current position, and therefore, he was a probationary employee at the time of his termination. As a probationary employee, the Board found that Mr. Vannoy only had a limited right of appeal to the Board under 5 C.F.R. Secs. 315.805 and 315.806, not applicable here. Therefore, the Board did not have jurisdiction to hear his appeal, and the appeal was dismissed.
 
 
 5
 This court must affirm the Board's decision unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1994).
 
 
 6
 The law is clear that a probationary employee only has a very limited right of appeal to the Board upon termination. 5 C.F.R. Sec. 315.806. Section 315.805 defines a notice and answer procedure for termination of an employee during a probationary period and Sec. 315.806 provides a right of appeal to the MSPB if the petitioner's "termination was not effected in accordance with the procedural requirements of [Sec. 315.805]." 5 C.F.R. Sec. 315.806(c). Paragraph (b) provides a right of appeal where the termination is allegedly based on partisan political reasons or marital status. Finally, paragraph (d) states that an employee may appeal to the Board a termination allegedly based on discrimination but "only if such discrimination is raised in addition to one of the issues stated in paragraph (b) or (c) of this section." 5 C.F.R. Sec. 315.806(d).
 
 
 7
 Mr. Vannoy, in his petition for review to the Board, alleged that the agency made its termination decision based on an AFOSI report which he alleged to be untrue. In addition, he provided letters from coworkers and supervisors evidencing a good prior employment history. Mr. Vannoy did not raise any issues which would make his termination appealable under the provisions of 5 C.F.R. Sec. 315.806(b) or (c). He did raise an allegation of discrimination due to a handicap, but as shown above, this is not enough to make his termination appealable. Accordingly, assuming that Mr. Vannoy was a probationary employee, the Board did not have jurisdiction to hear his appeal, and the appeal was properly dismissed.
 
 
 8
 Mr. Vannoy, however, argued that he was not a probationary employee. As he had already completed a probationary period in his former position as an Environmental Protection Specialist, which he claimed to be substantially similar to the Environmental Engineer position, Mr. Vannoy argued that he should not be considered a probationary employee and should, therefore, receive all the termination and appeal rights of a non-probationary employee.
 
 
 9
 Since the Air Force appointed Mr. Vannoy from an OPM register to the position of Environmental Engineer, his first year of service in that career-conditional appointment was a probationary period. 5 C.F.R. Sec. 315.801(a)(1). An employee's prior service may be counted toward the completion of the probationary period if: (1) the prior service immediately precedes the probationary appointment with no more then one break of less than thirty days during service, (2) the prior service is in the same federal agency, and (3) the prior service is in the same line of work. 5 C.F.R. Sec. 315.802(b); Federal Personnel Manual, Chapter 315, Subchs. 3-4 (May 7, 1981), 8-4 (June 9, 1992). Mr. Vannoy's prior employment as an Environmental Protection Specialist meets the first two requirements. His prior employment was immediately prior to his employment as an Environmental Engineer, and both positions were with the Air Force. However, the Administrative Judge (AJ) determined that the two positions were not in "the same line of work," and therefore, Mr. Vannoy could not "tack" his prior probationary period onto the probationary period for the Environmental Engineer position.
 
 
 10
 The Federal Personnel Manual defines "same line of work" as where "the duties performed are similar in nature and character and require substantially the same qualifications (including knowledge, skills and abilities)...." Id.; see also Yancey v. Department of Army, 32 M.S.P.R. 606, 609 (M.S.P.B.1987) The AJ reviewed the case file, including the Civil Personnel Position Descriptions and Office of Personnel Management classification definitions for the two positions, and determined that the positions were not the same and did not require the same knowledge or skills. In particular, he found that the Environmental Engineer position required greater responsibilities and knowledge and involved more complex duties. The record is clear that in addition to an engineering degree, the Environmental Engineer must possess knowledge of a range of environmental programs, whereas the Environmental Protection Specialist need only possess the technical or administrative knowledge necessary to carry out the specific program for which the specialist is hired.
 
 
 11
 Accordingly, the Board's conclusion that an Environmental Engineer was not in "the same line of work" as an Environmental Protection Specialist, and that, therefore, Mr. Vannoy was a probationary employee, is supported by substantial evidence and is in accordance with law. As Mr. Vannoy was a probationary employee upon termination and failed to raise an appealable issue under the appropriate regulations, the Board properly dismissed the appeal for lack of jurisdiction.
 
 
 12
 For the foregoing reasons, we affirm.