NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3179


VIVIAN ARNOLD,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.


Vivian Arnold, of Fayetteville, North Carolina, pro se.

Sara B. Rearden, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent.  With her on the brief were B. Chad Bungard, General Counsel, and Keisha Dawn Bell, Deputy General Counsel.

Appealed from:  Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3179

VIVIAN ARNOLD,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Petition for review of the Merit Systems Protection Board in DC315H080788-I-1.

_____

DECIDED:  January 8, 2010

_____

Before LOURIE, SCHALL and BRYSON, Circuit Judges.

PER CURIAM.

DECISION

Vivian Arnold appeals the final decision of the Merit Systems Protection Board ("the Board") affirming the initial decision of the administrative judge ("AJ") dismissing her appeal for lack of jurisdiction. Arnold v. Dep't of the Army, MSPB Docket No. DC-315H-08-0788-I-1 (Dec. 9, 2008) ("Initial Decision"), Arnold v. Dep't of the Army, MSPB Docket No. DC-315H-08-0788-I-1 (April 7, 2009) ("Final Decision").  Because the Board's finding was in accordance with law and was based on findings supported by substantial evidence, we affirm.

BACKGROUND

The Department of the Army ("the Army") appointed Arnold to the position of Medical Support Assistant at a Health Clinic in Fort Bragg, North Carolina in 2007, where she had worked as a contract employee for eight years. Her employment by the Army was subject to a one-year probationary period. Approximately two weeks before the probationary period had run, Arnold received a discharge notice, citing "failure to follow leave procedures, failure to follow instructions regarding duty hours, and general attitude."

Arnold appealed her discharge to the Board, alleging racial discrimination. Following two show cause orders from the AJ, which explained that the appeal rights of probationary employees are limited to "non-frivolous claim[s] that [] termination was based on partisan political reasons or marital status," Arnold included an allegation of discrimination based on her marital status. Specifically, Arnold alleged that married employees did not have to follow the leave procedures that she was required to follow, and that her termination was therefore the result of discrimination based on her status as a single parent. Arnold alleged that she was denied time off to attend to childcare responsibilities that was allowed married parents. Arnold also argued that her termination violated the procedures set forth in 5 C.F.R. § 315.805.

The AJ issued an initial decision dismissing Arnold's appeal for lack of jurisdiction. The initial decision found that Arnold had not presented specific, non-frivolous allegations that married persons were treated less harshly for similar misconduct. In so finding, the AJ noted that there were three bases for termination: failure to follow leave policies, failure to follow duty hours, and general attitude, and that

Arnold's allegations only addressed her alleged failure to follow leave policies. Arnold had not alleged that married employees who failed to follow duty hours or had a similar attitude as she did had been disciplined differently. The AJ also found that there was insufficient evidence that the failure to follow leave policies that led to Arnold's termination was related to her childcare duties. Although Arnold alleged that married employees were allowed to leave work to pick up children, or to make up time without following leave procedures, the only evidence on file regarding Arnold's failure to properly request leave did not relate to childcare; rather, the evidence showed that Arnold had requested her annual leave by phone rather than requesting it in advance.

The AJ also found that Arnold made no allegations supporting her claim that the Army failed to follow 5 C.F.R. § 315.805. That regulation requires certain procedural actions by the agency when an employee is removed based on conditions arising before their appointment. However, because Arnold had made no allegation that the Army was removing her for pre-appointment reasons, the AJ found that her claim of a violation of 5 C.F.R. § 315.850 could not support jurisdiction either.

Lastly, the AJ found that the Board could not reach the evidence presented by Arnold to support her allegation that she had been removed for race-based reasons. The AJ stated that "because the Board lacks jurisdiction over [Arnold's] removal during her probationary period, the Board also lacks jurisdiction over her claim of race discrimination." Initial Decision at 6 (citing Awa v. Dep't of Navy, 41 M.S.P.R. 318, 322 (M.S.P.B. 1989).

2009-3179

-3-

Arnold appealed to the full Board. The Board found that there was no new evidence presented and the AJ made no error interpreting laws or regulations, and therefore affirmed the initial decision. Final Decision at 2.

Arnold timely appealed to this court. Our jurisdiction in appeals from the Merit Systems Protection Board rests on 28 U.S.C. § 1295(a)(9) (2006).

DISCUSSION

The scope of our review in an appeal from a Board decision is limited. We can set aside the Board's decision if it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2006); see Briggs v. Merit Sys. Prot. Bd., 331 F.3d 1307, 1311 (Fed. Cir. 2003).

The Board's jurisdiction to hear appeals from probationary employees terminated for post-appointment reasons is defined in 5 C.F.R. § 315.806. Arnold has the burden of proving by a preponderance of evidence that the Board has jurisdiction over the action being appealed. See 5 C.F.R. § 1201.56(a)(2).

Arnold contests the determination of the Board, arguing that the Board should have considered evidence submitted after the initial complaint when reviewing the administrative judge's dismissal for lack of jurisdiction. Arnold specifically points to a formal complaint of racial discrimination filed with the Equal Employment Opportunity Commission ("EEOC") regarding Arnold's supervisor at Clark.

The government responds that the Board considered all the documentary evidence in the record, and that Arnold has not met her burden of producing evidence

that the Board has jurisdiction over her appeal. The government argues that Arnold did not allege that married employees were treated differently for failing to follow leave procedures or similar misconduct. See Chase-Baker v. U.S. Dep't of Justice, 198 F.3d 843, 845 (Fed. Cir. 1999) (a non-frivolous allegation of marital status discrimination requires factual assertions of a difference in the treatment of married and unmarried employees). The government further argues that Arnold did not allege that married employees had failed to comply with instructions regarding duty hours or had similar work attitudes but were not disciplined by the Army. The government argues that, in any event, the record evidence is not sufficient to support such an allegation. Lastly, the government argues that because none of Arnold's allegations relates to conditions arising before her appointment, 5 C.F.R. § 315.805 is inapplicable.

We agree that the Board lacks jurisdiction over Arnold's claim. Because Arnold was a probationary employee at the time of her termination, the bases on which she can appeal her termination are strictly limited. The Board's determination that Arnold has not alleged sufficient facts to make out a claim of marital status discrimination is supported by substantial evidence and is in accordance with law. The Board examined all the evidence in the record and properly found that Arnold's allegations regarding the grant of leave for childcare purposes for married versus single parents did not relate to the "failure to follow leave procedures" for which she was notified she was being terminated. Nor did Arnold allege that married employees were disciplined differently for the other behaviors for which she was notified she was being terminated. Arnold also did not allege that she was terminated for conditions arising before her appointment such that the Board would have jurisdiction under 5 C.F.R. § 315.805.

2009-3179

Although the court is aware of the EEOC complaint in the record regarding racial discrimination, the Board does not have jurisdiction over such a complaint in the case of dismissal of an employee during her probationary period.

Accordingly, we <u>affirm</u> the Board's dismissal of this matter for lack of jurisdiction.

COSTS

No costs.

2009-3179