NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SHIKIK T. JOHNSON,**
*Petitioner,*

v.

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2012-3096

---

Petition for review of the Merit Systems Protection Board in case no. PH315H110386-I-1.

---

Decided: October 5, 2012

---

SHIKIK T. JOHNSON, of Tinton Falls, New Jersey, pro se.

LINDSEY SCHRECKENGOST, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief were JAMES M. EISENMANN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

---

Before LINN, REYNA and WALLACH, *Circuit Judges.*

PER CURIAM.

Petitioner *pro se*, Shikik T. Johnson ("Dr. Johnson") petitions for review of the final decision of the Merit Systems Protection Board ("Board") dismissing his claim for lack of jurisdiction. *Johnson v. Dep't of the Army*, PH-315H-11-0386-I-1 (M.S.P.B. Jan. 20, 2012). Respondent's Appendix ("RA") 1-11. Because the Board's determination was in accordance with law, we *affirm*.

## BACKGROUND

Dr. Johnson was hired as an Electronics Engineer with the Department of the Army ("Army") on September 13, 2010, subject to a one year probationary period. For nine months he held this position at the U.S. Army Communications-Electronic Research Development and Engineering Center in Fort Monmouth, New Jersey. On June 13, 2011, prior to the expiration of the one year probationary period, Dr. Johnson was advised by letter that he was terminated due to poor performance. Dr. Johnson timely filed an appeal with the Board, alleging that his termination was the result of conspiracy and sabotage.

The Merit Systems Protection Board Administrative Judge ("AJ") assigned to his case issued a show cause order requiring Dr. Johnson to establish that the Board had jurisdiction over his claim. In the show cause order, the AJ explained that Dr. Johnson may not have a statutory right of appeal because as a probationary employee his rights were limited by regulation. RA29-30 (citing 5 C.F.R. §§ 315.805, 315.806). The show cause order plainly stated that a probationary employee's appeal of adverse agency actions could go forward only if (1) the termination action was based in whole or in part on matters occurring prior to the appointment, or (2) the termination was based

on partisan political reasons, or was the result of discrimination because of marital status. The AJ advised Dr. Johnson that even if he had not served a full year under his appointment, he could show that he had completed his probationary period by tacking on prior federal service. Dr. Johnson responded to the show cause order by disputing the Army's evaluation of his job performance in the termination letter. He did not address the AJ's stated jurisdictional concerns.

On August 18, 2011, the AJ issued an initial decision dismissing Dr. Johnson's appeal for lack of jurisdiction. The initial decision found, *inter alia*, that Dr. Johnson was a probationary employee and he had failed to present specific, non-frivolous allegations that his termination was in any way related to partisan political reasons or his marital status. Dr. Johnson appealed to the full Board and raised for the first time that his termination was actually a result of his marital status because his superiors had previously made "coy" and "somewhat begrudging remarks" about his single status—apparently suggesting that because he did not have family obligations, he "could find a job anywhere." RA82. He also argued for the first time that the Army treated him with ethnic and racial bias. *Id.* The Board affirmed the AJ's initial decision. This appealed followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

With limited exceptions that are inapplicable here, the Civil Service Reform Act exempts probationary employees from appeals as a matter of right for adverse removal actions. 5 U.S.C. § 7511(a)(1)(A). Section 7511 defines the term "employee" for purposes of jurisdiction as someone "(i) who is not serving a probationary or trial period under an initial appointment; or (ii) who has

completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less. . ." 5 U.S.C. § 7511(a)(1)(A).

The appellant has the burden of proving by a preponderance of the evidence that the Board has jurisdiction over the action being appealed. 5 C.F.R. § 1201.56(a)(2); *see also Arnold v. Merit Sys. Prot. Bd.*, 360 F. App'x. 151, 153 (Fed. Cir. Jan. 8, 2010). Our review of the Board's determination that it lacked jurisdiction is a question of law that we consider *de novo*, *Bennett v. Merit Sys. Prot. Bd.*, 635 F.3d 1215, 1218 (Fed. Cir. 2011), but we are limited by statute in reviewing underlying factual findings. 5 U.S.C. § 7703(c). We will only set aside agency actions, findings, or conclusions if we find them to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." *Id.*; *see also Bennett*, 635 F.3d at 1218.

Dr. Johnson primarily argues that his termination was wrongful because the Army inaccurately and/or speciously evaluated his performance as an Electronics Engineer. Nonetheless, the AJ correctly recognized that the substance of an employment decision is not reviewable for a probationary employee. Notably, at the time Dr. Johnson filed his appeal with the Board, Dr. Johnson was asked whether he was "serving a probationary or trial period at the time of the decision or action you are appealing?" He answered "Yes." RA17.

Although Dr. Johnson conceded that he did not fit within the meaning of "employee" in § 7511 because he was terminated during the probationary period, the AJ considered the full record and recognized that Dr. Johnson had prior federal service in the year 2006. The AJ

analyzed whether the prior federal service could be counted towards the completion of the probationary period — *i.e.*, "tacked" — to show that Dr. Johnson was not subject to the appellate restrictions of a probationary employee. The AJ concluded that Dr. Johnson failed to make any assertion that his prior service could be counted towards the probationary period because the prior service would have to be (1) rendered immediately preceding the probationary appointment; (2) performed in the same agency; (3) performed in the same line of work; and (4) completed with no more than one break in service of less than 30 days. 5 C.F.R. § 315.802(b); *Hurston v. Dep't of the Army*, 113 M.S.P.R. 34, ¶ 9 (2010); *see also Vannoy v. Dep't of Air Force*, 73 F.3d 380 (Fed. Cir. 1995).

Dr. Johnson appears to now argue that he satisfied the one year probationary period under a "tacking" theory because, prior to his employment with the Army, he worked in the same capacity as a contractor with the private company Sabre Systems, Inc. ("Sabre"). Because Dr. Johnson's employment as a contractor with the private entity Sabre is not "Federal" in nature, Dr. Johnson cannot rely on this period for tacking purposes. 5 C.F.R. § 315.802(b) (requiring "prior Federal civil service"). Thus, we agree with the conclusion that Dr. Johnson does not qualify as a non-probationary "employee" pursuant to 5 U.S.C. § 7511.

As a probationary employee, the bases on which Dr. Johnson can appeal his termination are strictly limited to those defined by regulations promulgated by the Office of Personnel Management:

> Paragraph (b) provides a right to appeal a termination based on discrimination because of "partisan political reasons or marital status." 5 C.F.R. § 315.806(b) (1995). Paragraph (c) provides a right

> to appeal a termination under section 315.805 (pre-appointment conditions) on the ground that it "was not effected in accordance with the procedural requirements of that section." 5 C.F.R. § 315.806(c) (1995). Finally, section 315.806(d) provides a right to appeal a termination based on discrimination, including sex discrimination, but "only if such discrimination is raised in addition to one of the issues stated in paragraph (b) or (c) of this section." 5 C.F.R. § 315.806(d) (1995).

*Pierce v. Gov't Printing Office*, 70 F.3d 106, 108 (Fed. Cir. 1995). In this case, the Board properly found that Dr. Johnson failed to satisfy the jurisdictional requirements because he had not alleged he was terminated for pre-appointment reasons, *see* § 315.805, and he had not alleged the termination was based on partisan political reasons or was the result of discrimination due to marital status. *See* § 315.806(b).

We also agree with the Board that Dr. Johnson's argument that he was discriminated against for being unmarried was not presented to the AJ in response to the show cause order.[1] *Hubbard v. Merit Sys. Prot. Bd.*, 605 F.3d 1363, 1366 (Fed. Cir. 2010) (noting that a petitioner who fails to appropriately respond to an administrative judge's order does so at her own peril and will not later be

---

[1] Even if the Board had accepted Johnson's belated argument that his supervisors made comments about his single status, Johnson did not assert facts which, if proven, would demonstrate that married employees were treated differently than unmarried employees. *Chase-Baker v. U.S. Dep't of Justice*, 198 F.3d 843, 845 (Fed. Cir. 1999) (a non-frivolous allegation of marital status discrimination requires factual assertions of disparate treatment between married and unmarried employees); *Stokes v. Fed. Aviation Admin.*, 761 F.2d 682, 685 (Fed. Cir. 1985).

allowed to supplement contentions).  To the extent that Dr. Johnson alleges that his termination was motivated by racial animus, he failed to raise this allegation in response to the order to show cause.  Even so, a claim of racial discrimination falls within the Board's jurisdiction only if the Board otherwise has jurisdiction over the Army's adverse action, which it did not in this case.  *See* 5 C.F.R. § 315.806(d); *Wilder v. Merit Sys. Prot. Bd.*, 675 F.3d 1319, 1323 (Fed. Cir. 2012) (citing *Cruz v. Dep't of the Navy*, 934 F.2d 1240, 1245–46 (Fed. Cir. 1991) (en banc)).

CONCLUSION

Accordingly, Dr. Johnson has not met his burden in establishing that the Board has jurisdiction over this appeal.  The Board correctly concluded that it lacked jurisdiction to review the Army's termination decision because Dr. Johnson was a probationary employee with less than one year of current continuous service, and he failed to allege that his termination was the product of conditions arising before his appointment, or discrimination based on partisan political reasons or marital status. The decision of the Board is hereby

**AFFIRMED**

COSTS

No costs.