## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| WILLIAM TYRONE CUNNINGHAM, Appellant, | DOCKET NUMBER DC-315H-17-0167-I-1 |
| v. | |
| DEPARTMENT OF LABOR, Agency. | DATE: July 27, 2022 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

William Tyrone Cunningham, Fort Washington, Maryland, pro se.

Elizabeth L. Beason and Katrina Liu, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1    The appellant has filed a petition for review of the initial decision, which dismissed his appeal of his probationary termination for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact;

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2      In his petition for review, the appellant argues that he thought he was being reinstated and, per his rights as a former Postal Service employee, he was not required to serve a probationary period and/or the agency never told him he would be required to do so. Petition for Review (PFR) File, Tab 1 at 7, 11; Initial Appeal File (IAF), Tab 30, 33-34. As a general matter, a person who is "given a career or career-conditional appointment" must complete a 1-year probationary period. *See* 5 C.F.R. § 315.801(a). Here, the administrative judge correctly found that the appellant's prior Federal service did not accord him the status of an "employee" under 5 U.S.C. § 7511(a)(1)(A). That statute provides that, to qualify as an "employee" with appeal rights under 5 U.S.C. chapter 75, a competitive-service employee must show that he either was not serving a probationary period or, with an exception not relevant here, had completed 1 year of current continuous service under an appointment other than a temporary one limited to a year or less. The administrative judge properly concluded that the appellant failed to show that his prior service could be counted toward the probationary period because the prior service would have to be: (1) rendered immediately preceding the probationary period; (2) performed in the same

agency; (3) performed in the same line of work; and (4) completed with no more than one break in service of less than 30 days. 5 C.F.R. § 315.802(b); *see Hurston v. Department of the Army*, 113 M.S.P.R. 34, ¶ 9 (2010); *see also Vannoy v. Department of the Air Force*, 73 F.3d 380 (Fed. Cir. 1995) (per curiam).[2]

¶3    The administrative judge determined that the appellant in this case was employed by the U.S. Postal Service from 1993 to 2000. IAF, Tab 41, Initial Decision (ID) at 4; IAF, Tab 21 at 112-13. Under 5 C.F.R. § 315.802(b), though, such prior service could not be tacked on toward completing a probationary period in any agency other than in the same agency (the U.S. Postal Service). *See Baggan v. Department of State*, 109 M.S.P.R. 572, ¶ 7 (2008). In addition, the administrative judge correctly found that the appellant was on notice that he was subject to a probationary period when he was appointed. ID at 4-5. The agency's vacancy announcement clearly stated that selectees would be required to serve a 1-year probationary term of employment if they were not already tenured Federal employees. IAF, Tab 21 at 99. The administrative judge also properly found that, even if the agency failed to notify the appellant that, if selected, he would need to serve a probationary term of employment, that alleged failure would still not confer appeal rights on the appellant. ID at 5 (citing *Cunningham v. Department of the Army*, 119 M.S.P.R. 147, ¶ 5 (2013); *cf. Williams v. Merit Systems Protection Board*, 892 F.3d 1156, 1162-63 (Fed. Cir. 2018) (recognizing that an agency's failure to advise an employee that he would lose his Board appeal rights if he voluntarily transferred to a different position did not create appeal rights), *cert. denied*, 139 S. Ct. 1472 (2019). Further, as to the appellant's argument that he thought he was being reinstated, the Board lacks jurisdiction over an agency's decision not to reinstate an employee pursuant to 5 C.F.R.

---

[2] The Board may rely on unpublished decisions of the U.S. Court of Appeals for the Federal Circuit if, as here, it finds the reasoning persuasive. *Vores v. Department of the Army*, 109 M.S.P.R. 191, ¶ 21 (2008), *aff'd*, 324 F. App'x 883 (Fed. Cir. 2009).

§ 315.401.  *See Hicks v. Department of the Navy*, 33 M.S.P.R. 511, 512-13 (1987) (holding that the Board lacks jurisdiction over an agency's alleged denial of an employee's reinstatement rights).

¶4		The appellant also argues for the first time that he was terminated for partisan political and/or preappointment reasons.  PFR File, Tab 1.  The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence.  *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980); 5 C.F.R. § 1201.115(d).  The appellant has not made such a sufficient showing here.  The appellant also submits two emails and argues the documents were unavailable due to being on a USB drive he had given to his daughter; however, the information itself was not new and will not be considered.  PFR File, Tab 1 at 14-15; *see* 5 C.F.R. § 1201.115(d); *see also Grassell v. Department of Transportation*, 40 M.S.P.R. 554, 564 (1989) (holding that the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed).  Regardless, even if we were to consider the appellant's arguments or documents on review, it would not provide the Board with jurisdiction.

¶5		The appellant asserts that, because he was considering becoming a union shop steward, the agency discriminated against him for partisan political reasons.  PFR File, Tab 1 at 2, 5, 8.  In furtherance of this argument, he submits a narrative description of his interactions with the union and his supervisor and emails with the union regarding his core duty hours at the agency.  *Id.* at 14-18.  However, even if we were to consider the appellant's argument that his termination was due to his affiliation with the union, it would not provide the Board with jurisdiction.  *See Mastriano v. Federal Aviation Administration*, 714 F.2d 1152, 1156 (holding that allegations of discrimination based on union affiliation do not state a cause of action within the Board's jurisdiction under 5 C.F.R. § 315.806(b)).

¶6    The appellant also argues that he was terminated for a preappointment reason based on the agency's failure to hire him under the vacancy announcement for applicants under the Veterans Employment Opportunity Act. PFR File, Tab 1 at 5; IAF, Tab 13 at 4. However, the appellant's arguments do not suggest that the agency terminated him because of the hiring appointment authority. Rather, it is undisputed that the appellant was terminated for attendance issues and misrepresentations made about his work hours as reported on his daily timesheets. IAF, Tabs 9-12, Tab 21 at 6, 21-92, Tabs 23-25. Therefore, we find that the appellant has not raised a nonfrivolous allegation that he was terminated for a preappointment reason.

¶7    Finally, the appellant argues that the agency willfully obstructed his employment by not allowing him to change his shift, not allowing him to come into work early, and not giving him any verbal or written warnings before his termination, as required by the collective bargaining agreement. PFR File, Tab 1 at 8. However, the Board cannot review these claims as they do not relate to the issue of the Board's jurisdiction over an appeal by a probationary employee. *Mastriano*, 714 F.2d at 1156. Moreover, these claims do not provide an independent source of Board jurisdiction absent an otherwise appealable action. *Penna v. U.S. Postal Service*, 118 M.S.P.R. 355, ¶ 13 (2012) (finding that absent an otherwise appealable action, the Board lacks jurisdiction over a claim of harmful error, discrimination, or other prohibited personnel practice); *Burnett v. U.S. Postal Service*, 104 M.S.P.R. 308, ¶ 15 (2006) (making the same finding in *Penna* as to a due process claim).

¶8    Accordingly, we find the administrative judge correctly dismissed the appeal for lack of jurisdiction.

**NOTICE OF APPEAL RIGHTS**[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                    /s/ for

                                  Jennifer Everling
                                  Acting Clerk of the Board
Washington, D.C.